FILED
2017 Apr-21  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | |
|---|---|
| **PENNSYLVANIA NATIONAL MUTUAL** ) | |
| **CASUALTY INSURANCE COMPANY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. _____** |
| ) | |
| **CORNERSTONE CIVIL** ) | |
| **CONTRACTORS, LLC,** ) | |
| **EDMUND COLGROVE,** ) | |
| **ALABAMA TRUCK & EQUIPMENT, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National") hereby files this action for declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201, *et seq.*, and 28 U.S.C. §§ 1332, 1333, and in support thereof, states as follows:

## PARTIES

1. Penn National is a corporation incorporated under the laws of Pennsylvania with its principal place of business in Pennsylvania.

2. Cornerstone Civil Contractors, LLC ("Cornerstone") is an Alabama limited liability company with its principal place of business in Alabama. Upon information and belief, Cornerstone's sole member, 4 Him Enterprises, Inc., is a corporation incorporated under the laws of Alabama.

3. Edmund Colgrove ("Colgrove") is an individual resident of Alabama.

1

4. Alabama Truck & Equipment, LLC ("Alabama Truck") is an Alabama limited liability company with its principal place of business in Alabama. Upon information and belief, Alabama Truck's sole member, Donald Eugene Wiggins, is an individual resident of Alabama.

## VENUE AND JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the Declaratory Judgment Act, 28 U.S.C. § 2201, because the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and because there exists complete diversity of citizenship among the Plaintiff and the Defendants.

6. Courts traditionally have calculated the amount in controversy limit, as contemplated by 28 U.S.C. § 1332, in the following manner:

> In a declaratory judgment action, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.  The plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.

*Owners Ins. Co. v. Bryant*, 2006 WL 50488 (M.D. Ga. 2006)(citations omitted).

7. The underlying action was filed on September 16, 2016, and is currently in the process of conducting discovery. (Exhibit A, Complaint). As set forth below, Alabama Truck seeks to recover for unpaid rent, lost profit, repair costs, and diminution in value to two pieces of commercial construction equipment. (Ex. A). More specifically, Alabama Truck claims damages of $2,300 in unpaid rent, $18,000 in lost profit, $50,000 in diminution in value, and $76,000 in cost to repair. (Ex. A). In light of the amount in controversy in the underlying action, the amount in controversy requirement is met for purposes of diversity jurisdiction.

8. Venue of this suit is appropriate in the United States District Court for the Northern District of Alabama, Western Division, pursuant to 28 U.S.C. § 1391, because Penn National and all the Defendants conduct business in the Northern District of Alabama, and the Defendants'

contacts in the Northern District of Alabama would be sufficient to subject each entity to personal jurisdiction.   Moreover, the underlying action giving rise to this coverage action is pending in the Circuit Court of Tuscaloosa County, Alabama which is located within the United States District Court for the Northern District of Alabama, Western Division.

## FACTUAL BACKGROUND

9. This is a declaratory judgment action which has its genesis in an underlying action filed on September 16, 2016, by Alabama Truck styled *Alabama Truck & Equipment, LLC v. Edmund Colgrove, Cornerstone Civil Contractors, LLC,* CV-2016-900996, in the Circuit Court of Tuscaloosa County, Alabama (the "Underlying Litigation").

10. The Underlying Litigation arose out of a rental agreement for two commercial excavators, a 2012 Volvo EC 210, serial number 111752 (the "Volvo"), and a 2008 John Deere 200 DLC, serial number 510684 (the "John Deere")(the Volvo and John Deere, collectively, the "Machines").

11. On or about July 16, 2015, Cornerstone and Colgrove entered into a rental agreement with Alabama Truck to rent the Machines.

12. In the Underlying Litigation, Alabama Truck alleges that "[p]ursuant to the rental agreement executed by Defendants, the Defendants were contractually obligated to maintain the Machines and repair any and all damage caused by the Defendants use thereof." (Ex. A, ¶ 7). Alabama Truck also alleges that Cornerstone and Colgrove failed to abide by their contractual obligations to maintain the Machines and failed to pay the full amount owed under the rental agreement. (Ex. A).

13. The damages sought by Alabama Truck in the Underlying Litigation are essentially four-fold: Alabama Truck claims damages of $2,300 in unpaid rent, $18,000 in lost profit

sustained while the Machines were being repaired, $50,000 in diminution in value to the Machines, and $76,000 in cost to repair the Machines. (Ex. A).

14. Alabama Truck alleges, and it is undisputed, that Alabama Truck rented the Machines to Cornerstone and Colgrove and that Cornerstone and Colgrove were in the exclusive control of the Machines at all times material to the Underlying Litigation. (Exhibit B, Requests for Admission, # 3)(Exhibit C, Responses to Requests for Admission, # 3).

### INSURANCE POLICY AND POLICY PROVISIONS[1]

15. Penn National issued a commercial general liability, commercial property, and commercial inland marine policy, Policy No. CL9 0660245, to Cornerstone with an effective date of December 12, 2014 through December 12, 2015. (Ex. D, Certified Copy of the Policy).

16. The insuring agreement for the commercial general liability policy provides, in pertinent part:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
>                * * *
>
> **b.**    This insurance applies to "bodily injury" and "property damage" only if:

---

[1] By specifically referring to the coverage provisions set forth in this Complaint for Declaratory Judgment, Penn National does not waive its right to assert other policy provisions of any policy issued by Penn National to Cornerstone.

(1)    The "bodily injury" or "property damage" is caused by an occurrence that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

(Ex. D, Penn National 0115)

17. The commercial general liability policy defines "occurrence" and "property damage" as follows:

## SECTION V – DEFINITIONS

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. An accident shall include "property damage" to other than "your work" arising from "your work."

    \* \* \*

**17.**    "Property damage" means:

**a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Ex. D, Penn National 0130, 0131).

18. The commercial general liability policy also sets forth the following exclusions:

5

2.  **Exclusions**

This insurance does not apply to:

a.      **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b.      **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)     That the insured would have in the absence of the contract or agreement; or

(2)     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

j.      **Damage to Property**

"Property damage" to:

(1)     Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

6

**(2)**   Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)**   Property loaned to you;

**(4)**   Personal property in the care, custody or control of the insured;

**(5)**   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products–completed operations hazard".

(Ex. D, Penn National 0110, 0113).

19. The insuring agreement to the commercial property policy provides, in pertinent part,

as follows:

BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.**, and limited in **A.2.**, Property Not

Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

\* \* \*

**b. Your Business Personal Property** located in or on the building described in the Declarations or in the open (or in a vehicle) within $100^2$ feet of the described premises, consisting of the following unless otherwise specified in the Declarations or on the Your Business Personal Property – Separate of Coverage form:

\* \* \*

(2) Machinery and equipment;

\* \* \*

(7) Leased personal property for which you have a contractual responsibility to insure, unless otherwise provided for under Personal Property of Others.

\* \* \*

**2. Property Not Covered**

Covered Property does not include:

\* \* \*

**k.** Property that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether  you can collect on it or not) from that other insurance;

\* \* \*

**p.** Vehicles or self-propelled machines (including aircraft or watercraft) that:
(1) Are licensed for use on public roads; or
(2) Are operated principally away from the described premises.

(Ex. D, Penn National 0043 - 0045).

20. The commercial property policy provides coverage only for Covered Causes of Loss

that do not fall within exclusions, as it states, in pertinent part:

 **A. Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

1. Excluded in Section **B.**, Exclusions; or
2. Limited in Section **C.**, Limitations; that follow.

**B. Exclusions**
\* \* \*

---

[2] This area is enlarged to 1,000 feet through Section IV(1) of the Commercial Property Pennpac Endorsement.

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

                    * * *

      **d. (1)** Wear and tear;

       * * *

          **(6)** Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.

          **(7)** The following causes of loss to personal property:

               **(a)** Dampness or dryness of atmosphere;

               **(b)** Changes in or extremes of temperature; or

               **(c)** Marring or scratching.

But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

                    * * *

**4. Special Exclusions**

The following provisions apply only to the specified Coverage Forms.

                    * * *

      **b. Leasehold Interest Coverage Form**

       * * *

          **(2)** We will not pay for any loss caused by:

               (a) Your canceling the lease;
               (b) The suspension, lapse or cancellation of any license; or
               (c) Any other consequential loss.

      **c. Legal Liability Coverage Form**

       * * *

          **(2)** The following additional exclusions apply to insurance under this Coverage Form:

               **(a) Contractual Liability**

               We will not defend any claim or "suit," or pay any damages that you are legally liable to pay, solely by reason of your assumption of liability in a contract

9

or agreement. But this exclusion does not apply to a written lease agreement in which you have assumed liability for building damage resulting from an actual or attempted burglary or robbery, provided that:

> (i) Your assumption of liability was executed prior to the accident; and

> (ii) The building is the Covered Property under this Coverage Form.

(Ex. D, Penn National 0061 - 0064).

21. The insuring agreement to the commercial inland marine policy provides, in pertinent part:

## CONTRACTORS' EQUIPMENT COVERAGE

AGREEMENT

In return for "your" payment of the required premium, "we" provide the coverage described herein subject to all the "terms" of the Contractors' Equipment Coverage. This coverage is also subject to the "schedule of coverages" and additional policy conditions relating to assignment or transfer of rights or duties, cancellation, changes or modifications, inspections, and examinations of books and records.
* * *

PROPERTY COVERED

"We" cover the following property unless the property is excluded or subject to limitations.

1. **Scheduled Equipment –**

**a. Coverage** – "We" cover direct physical loss caused by a covered peril to:

1) your "contractors' equipment"; and
2) "contractors' equipment" of others in "your" care, custody, or control.

**b. Coverage Limitation** – "We" only cover "your" ["]contractors' equipment" and "contractors' equipment" of others:

1) that are described on the "equipment schedule"; and

> 2) when Scheduled Equipment is indicated on the "schedule of coverages".

2. **Schedule on File –**

> a. **Coverage –** "We" cover direct physical loss caused by a covered peril to:
>
> 1) "your" "contractors' equipment"; and
> 2) "contractors' equipment" of others in "your" care, custody, or control.
>
> b. **Coverage Limitation –** "We" only cover "your" "contractors' equipment" and "contractors' equipment" of others:
>
> 1) that are listed in a schedule which "you" must submit to "us" and "we" keep on file, the schedule must contain a description of each item to be covered and a "limit" for each item; and
>
> 2) when Schedule on File is indicated on the "schedule of coverages".

(Ex. D, Penn National 0187, 0188).

22. The commercial inland marine policy provides coverage only for covered perils, as it

states in pertinent part:

PERILS COVERED

> "We" cover risks of direct physical loss unless the loss is limited or caused by a peril that is excluded.

PERILS EXCLUDED

1. "We" do not pay for loss or damage caused directly or indirectly by one or more of the following excluded causes or events. Such loss or damage is excluded regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.
> \* \* \*
> d. **Mechanical Breakdown** – "We" do not pay for loss caused by any mechanical, structural, or electrical breakdown or malfunction including a breakdown or malfunction resulting from a structural, mechanical, or reconditioning process.

But if a mechanical, structural, or electrical breakdown or malfunction results in a covered peril, "we" do cover the loss or damage caused by that covered peril.
           * * *
i. **Wear and Tear** – "We" do not pay for loss caused by wear and tear, marring, or scratching.

But if wear and tear, marring, or scratching results in a covered peril, "we" do cover the loss or damage caused by that covered peril.

(Ex. D, Penn National 0191 – 0193).

## COUNT I

### PENN NATIONAL DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY CORNERSTONE OR COLGROVE IN THE UNDERLYING LITIGATION UNDER THE COMMERCIAL GENERAL LIABILITY POLICY

23. Penn National adopts and incorporates paragraphs 1 – 22 as if fully set forth herein.

24. To trigger coverage, the commercial general liability policy requires an "occurrence" resulting in "property damage" during the policy period. Moreover, the insuring agreement provides that Penn National will have coverage obligations only if the Underlying Litigation seeks damages for "property damage" for which the policy provides coverage. (Ex. D, Penn National 0115).

25. The basis of Alabama Truck's claims against Cornerstone and Colgrove is that they failed to pay the full amount of the rental price and failed to maintain the Machines as required under the rental agreement. Neither the Complaint nor facts outside the Complaint in the Underlying Litigation allege or demonstrate an "accident" or "continuous or repeated exposure to substantially the same general harmful conditions." Accordingly, neither the Complaint nor facts outside the Complaint in the Underlying Litigation allege or demonstrate that an "occurrence" caused resulting "property damage" defined as "physical injury to tangible property" or "loss of use of property that is not physically injured."

26. Alabama Truck alleges, and it is undisputed, that Cornerstone and Colgrove rented the Machines from Alabama Truck and were in the exclusive control of the Machines at all times material to the Underlying Litigation. (Ex. A)(Ex. B, # 3)(Ex. C, # 3).

27. The commercial general liability policy expressly excludes coverage for:

"Property damage" to:

> **(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

> \* \* \*

> **(4)** Personal property in the care, custody or control of the insured;

(Ex. D, Penn National 0113).

28. Alabama Truck also alleges in the Underlying Litigation that Cornerstone damaged the Volvo when it intentionally ran it with low oil pressure despite being warned of this condition and alerted to turn the Volvo off.

29. The commercial general liability policy expressly excludes coverage for:

a. **Expected Or Intended Injury**

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

(Ex. D, Penn National 0113).

30. Alabama Truck also alleges in the Underlying Litigation that Cornerstone and Colgrove breached the rental agreement and, as such, are liable for contractual and economic damages.

31. The commercial general liability policy expressly excludes coverage for:

b. **Contractual Liability**

> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

(Ex. D, Penn National 0110).

**WHEREFORE, PREMISES CONSIDERED,** Penn National seeks a declaration from this Court as follows:

A.    That a bona fide justiciable controversy exists between the parties which should be resolved;

B.    That the subject Penn National commercial general liability policy and all endorsements thereto, are clear and unambiguous;

C.    That there is no "occurrence" or "property damage" and thus no coverage afforded under the Penn National commercial general liability policy to Cornerstone and Colgrove for the claims asserted in the Underlying Litigation;

D.    That the claims and damages in the Underlying Litigation are expressly excluded and there is no coverage afforded under the commercial general liability policy to Cornerstone and Colgrove for the claims asserted in the Underlying Litigation; and

F.    Granting Penn National such other, further and different relief to which it may be entitled.


## COUNT II

**PENN NATIONAL DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY CORNERSTONE OR COLGROVE IN THE UNDERLYING LITIGATION UNDER THE COMMERCIAL PROPERTY POLICY**

32. Penn National adopts and incorporates paragraphs 1 – 31 as if fully set forth herein.

33. The insuring agreement to the commercial property policy does not set forth a duty to defend.

34. As the commercial property sets forth no duty of Penn National to defend Cornerstone or Colgrove, Penn National has no duty to defend Cornerstone or Colgrove in the Underlying Litigation under the commercial property policy.

35. The basis of Alabama Truck's claims against Cornerstone and Colgrove is that they failed to pay the full amount of the rental price and failed to maintain the Machines as required under the rental agreement.

36. The commercial property policy only provides coverage for Covered Equipment and states that:

> **1. Covered Property**
>
> Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.
> * * *
>> **b. Your Business Personal Property** located in or on the building described in the Declarations or in the open (or in a vehicle) within 100[3] feet of the described premises. . .
>> * * *
> **2. Property Not Covered**
>
> Covered Property does not include:
> * * *
> k. Property that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether  you can collect on it or not) from that other insurance;
> * * *
> p. Vehicles or self-propelled machines (including aircraft or watercraft) that:
>> (1) Are licensed for use on public roads; or
>> (2) Are operated principally away from the described premises.

(Ex. D, Penn National 0043 - 0045).

37. The commercial property policy expressly excludes coverage for failure to maintain covered property:

> **B. Exclusions**
>
> * * *

---

[3] This area is enlarged to 1,000 feet through Section IV(1) of the Commercial Property Pennpac Endorsement.

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

    * * *

**d. (1)** Wear and tear;

    * * *

**(6)** Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.

**(7)** The following causes of loss to personal property:

    **(a)** Dampness or dryness of atmosphere;

    **(b)** Changes in or extremes of temperature; or

    **(c)** Marring or scratching.

But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

(Ex. D, Penn National 0061 - 0064).

    38. The commercial property also expressly excludes coverage for liability that arises out of breach of a lease or contract:

### 4. Special Exclusions

The following provisions apply only to the specified Coverage Forms.

    * * *

**b. Leasehold Interest Coverage Form**

    * * *

    **(2)** We will not pay for any loss caused by:

        (a) Your canceling the lease;
        (b) The suspension, lapse or cancellation of any license; or
        (c) Any other consequential loss.

**c. Legal Liability Coverage Form**

    * * *

    **(2)** The following additional exclusions apply to insurance under this Coverage Form:

        **(a) Contractual Liability**

16

We will not defend any claim or "suit," or pay any damages that you are legally liable to pay, solely by reason of your assumption of liability in a contract or agreement. But this exclusion does not apply to a written lease agreement in which you have assumed liability for building damage resulting from an actual or attempted burglary or robbery, provided that:

(i) Your assumption of liability was executed prior to the accident; and

(ii) The building is the Covered Property under this Coverage Form.

(Ex. D, Penn National 0061 – 0064).

**WHEREFORE, PREMISES CONSIDERED**, Penn National seeks a declaration from this Court as follows:

A.    That a bona fide justiciable controversy exists between the parties which should be resolved;

B.    That the subject Penn National commercial property policy and all endorsements thereto, are clear and unambiguous;

C.    That there is no coverage afforded under the commercial property policy to Cornerstone and Colgrove for the claims asserted in the Underlying Litigation; and

D.    Granting Penn National such other, further and different relief to which it may be entitled.

## COUNT III

### PENN NATIONAL DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY CORNERSTONE OR COLGROVE IN THE UNDERLYING LITIGATION UNDER THE COMMERCIAL INLAND MARINE POLICY

39. Penn National adopts and incorporates paragraphs 1 – 38 as if fully set forth herein.

40. The insuring agreement to the commercial inland marine policy does not set forth a duty to defend.

41. As the commercial inland marine policy sets forth no duty of Penn National to defend Cornerstone or Colgrove, Penn National has no duty to defend Cornerstone or Colgrove in the Underlying Litigation under the commercial inland marine policy.

42. The basis of Alabama Truck's claims against Cornerstone and Colgrove is that they failed to pay the full amount of the rental price and failed to maintain the Machines as required under the rental agreement.

43. The commercial inland marine policy only provides coverage for scheduled equipment, where it states that:

PROPERTY COVERED

"We" cover the following property unless the property is excluded or subject to limitations.

1. **Scheduled Equipment –**

   **a. Coverage** – "We" cover direct physical loss caused by a covered peril to:

   1) your "contractors' equipment"; and
   2) "contractors' equipment" of others in "your" care, custody, or control.

   **b. Coverage Limitation** – "We" only cover "your" ["]contractors' equipment" and "contractors' equipment" of others:

   1) that are described on the "equipment schedule"; and
   2) when Scheduled Equipment is indicated on the "schedule of coverages".

2. **Schedule on File –**

   a. **Coverage** – "We" cover direct physical loss caused by a covered peril to:

   1) "your" "contractors' equipment"; and
   2) "contractors' equipment" of others in "your" care, custody, or control.

18

> **b. Coverage Limitation –** "We" only cover "your" "contractors' equipment" and "contractors' equipment" of others:
>
> 1) that are listed in a schedule which "you" must submit to "us" and "we" keep on file, the schedule must contain a description of each item to be covered and a "limit" for each item; and
>
> 2) when Schedule on File is indicated on the "schedule of coverages".

(Ex. D, Penn National 0187, 0188).

44. The commercial inland marine policy expressly excludes coverage for failure to

maintain property:

PERILS COVERED

> "We" cover risks of direct physical loss unless the loss is limited or caused by a peril that is excluded.

PERILS EXCLUDED

> 1. "We" do not pay for loss or damage caused directly or indirectly by one or more of the following excluded causes or events. Such loss or damage is excluded regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.
> * * *
> d. **Mechanical Breakdown** – "We" do not pay for loss caused by any mechanical, structural, or electrical breakdown or malfunction including a breakdown or malfunction resulting from a structural, mechanical, or reconditioning process.
>
> But if a mechanical, structural, or electrical breakdown or malfunction results in a covered peril, "we" do cover the loss or damage caused by that covered peril.
> * * *
> e. **Wear and Tear** – "We" do not pay for loss caused by wear and tear, marring, or scratching.
>
> But if wear and tear, marring, or scratching results in a covered peril, "we" do cover the loss or damage caused by that covered peril.

(Ex. D, Penn National 0191 – 0193).

**WHEREFORE, PREMISES CONSIDERED**, Penn National seeks a declaration from this Court as follows:

A.      That a bona fide justiciable controversy exists between the parties which should be resolved;

B.      That the subject Penn National commercial inland marine policy and all endorsements thereto, are clear and unambiguous;

C.      That there is no defense afforded under the commercial inland marine policy to Cornerstone and Colgrove for the claims asserted in the Underlying Litigation; and

D.      Granting Penn National such other, further and different relief to which it may be entitled.


Respectfully submitted,

SIMPSON, McMAHAN,
        GLICK & BURFORD, PLLC


*/s/ Howard K. Glick*
Howard K. Glick        ASB-1176-K64H
Daniel S. Weber        ASB-2468-c31i
Attorneys for Pennsylvania National
Mutual Casualty Insurance Company


OF COUNSEL:
SIMPSON, McMAHAN, GLICK & BURFORD, PLLC
The Mountain Brook Center
2700 Highway 280, Suite 203W
Birmingham, AL 35223-2468
Phone:       205.876.1600
Facsimile    205.876.1616
Email:       hkglick@smgblawyers.com
             dsweber@smgblawyers.com

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

Cornerstone Civil Contractors, LLC
Registered Agent: Edmund H. Colgrove, Jr.
1268 James Road
Gallion, AL 36742

Edmund H. Colgrove, Jr.
1268 James Road
Gallion, AL 36742

Alabama Truck & Equipment, LLC
Registered Agent: Donald Eugene Wiggins, Jr.
349 Riverdale Dr.
Tuscaloosa, AL 35406